NAZARETH M. HAYSBERT [CA SBN 294431]
  *nazareth@hmlaw.la*
JAMES L. MOULTRIE III [CA SBN 296805]
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, CA 90292
Tel:   (310) 496-5796
Fax:   (310) 760-4083

*Attorneys for Plaintiff Sean Summerville*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SEAN SUMMERVILLE, an individual )
)
Plaintiff, )
)
)
)
v. )
)
UNITED STATES OF AMERICA )
)
Defendant. )
)
)
)
)
)
)
)
)
)
)

Case No.

**COMPLAINT FOR MONEY DAMAGES UNDER FEDERAL TORT CLAIMS ACT**

1. **Medical Negligence;**
2. **Negligent Hiring/Retention;**
3. **Negligent Supervision;**
4. **Negligent Training;**
5. **Intentional Infliction of Emotional Distress**

Sean Summerville (hereinafter referred to as "Plaintiff" or "Mr. Summerville"), by and through his attorney of record, Haysbert | Moultrie, LLP, brings his complaint for money damages against the UNITED STATES OF AMERICA, and alleges as follows:

///

///

1

FTCA COMPLAINT

## I.

## **THE PARTIES**

1.    Plaintiff is a resident and citizen of the State of California, County of Los Angeles.  Plaintiff brings this complaint for money damages for personal injuries suffered as a result of the negligent and wrongful acts and omissions of the officers, agents, and employees of Defendant UNITED STATES OF AMERICA, employed by the Federal Bureau of Prisons.

2.    Defendant United States of America operates and controls the Federal Bureau of Prisons (hereinafter referred to as "BOP"), which is charged with maintaining custody of sentenced federal prisoners in its many correctional facilities throughout the United States and supplying their dietary and medical needs, and whose officers, agents and/or employees negligently failed to timely diagnose, protect or summon medical care for Plaintiff although aware of his increasingly deteriorating medical condition at its prison facility in Santa Barbara County, California, known as United States Penitentiary, Lompoc (or "FCI Lompoc").

## II.

## **JURISDICTION AND VENUE**

3.    This action arises from, and this Court has jurisdiction over this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, et seq. for negligence and professional malpractice in connection with delayed and inadequate medical care provided to Plaintiff at USP Lompoc.  The Plaintiff has been injured by the negligent or wrongful acts and omissions of the directors, officers, agents, managing agents, supervisors, administrators, staff and/or employees of the Defendant United States of America, who were acting in the course and scope of their employment at all times relevant to this complaint.

4.    The acts and omissions of which Plaintiff complains took place in the State of California.  Accordingly, the law of the State of California controls this action with respect to liability and damages.  28 U.S.C. §§ 1346(b)(1) and 2674.

FTCA COMPLAINT

5.     Plaintiff has exhausted his administrative remedies and has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

6.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1402(b), 1391(e)(1)(B) and 1391(e)(1)(C), as the Plaintiff resides in this district and the acts and omissions complained of within occurred in this district.

7.     This suit is timely filed.

### III.

### FACTS GIVING RISE TO THE COMPLAINT

8.     On or about January 28, 2017, Mr. Summerville began experiencing stomach pains following a four-day punishment for fighting.

9.     On January 28, 2017, when he was brought back to his housing unit at USP Lompoc, Dr. Jaspal Dhaliwal, Head of Medical at U.S.P. Lompoc, gave him a routine physical.

10.     At this physical, Mr. Summerville complained of pain in his knee from an injury suffered years prior, and of a new pain that had developed in his stomach.

11.     Dr. Dhaliwal prescribed Mr. Summerville ibuprofen for both his leg and stomach.

12.     Mr. Summerville requested that Dr. Dhaliwal x-ray his stomach at the physical, but Dr. Dhaliwal asserted that an x-ray was not necessary.

13.     Mr. Summerville remained in constant pain for the next several months.

14.     From early February 2017, to late August 2017, Mr. Summerville visited the Medical Center approximately four to five times per month complaining of stomach pain.

15.     Mr. Summerville saw Dr. Dhaliwal approximately two to three times during these several months and was normally seen by Nurse Ellen Fernando ("Nurse Fernando").

16.     The only action taken by Nurse Fernando or Dr. Dhaliwal during this time period was to prescribe Mr. Summerville with more ibuprofen.

17. Mr. Summerville repeatedly requested that an x-ray of his stomach be taken, and each request was denied.

18. On or about August 20, 2017, Mr. Summerville began to suffer from an upper respiratory illness.

19. Due to this illness, Mr. Summerville was unable to ingest food.

20. Mr. Summerville's stomach pain persisted, and he called the Medical Center to ask if it was safe to continue taking ibuprofen on an empty stomach.

21. Nurse Fernando answered Mr. Summerville's call and assured him that he could keep taking the ibuprofen.

22. During this call, Mr. Summerville again asked to schedule an x-ray and was denied.

23. On or about August 22, 2017, Mr. Summerville told his correctional officer (hereinafter "CO") that he wasn't feeling well, and the CO brought him to the Medical Center.

24. At the Medical Center, Mr. Summerville was seen by Nurse Fernando and Dr. William Watson, and Mr. Summerville told them that he was continuing to take ibuprofen and was not eating.

25. Mr. Summerville was sent away with more ibuprofen and not given an x-ray.

26. On or about 10:00 p.m. on August 23, 2017, Mr. Summerville began experiencing severe stomach pain far worse than he had experienced in the several months prior.

27. Mr. Summerville had still been unable to eat anything and continued to take the prescribed ibuprofen as scheduled.

28. Mr. Summerville had gone four days without eating food while continuing to take heavy doses of prescribed ibuprofen at the direction of Nurse Fernando.

///

///

4

FTCA COMPLAINT

29. Upon information and belief, on or about 3:00 to 4:00 a.m. on August 24, 2017, a CO noticed that Mr. Summerville was sweating, shaking, hunched over in pain with his head in his lap, and that he had removed all his clothes and appeared delirious.

30. The CO brought Mr. Summerville to the hospital, where he was immediately given an x-ray.

31. Medical staff could smell fumes coming off of Mr. Summerville.

32. The x-ray results showed that Mr. Summerville had a perforated ulcer on his small intestine.

33. Mr. Summerville was immediately admitted for emergency surgery.

34. During this surgery, Mr. Summerville's gallbladder needed to be removed.

35. Mr. Summerville was told by medical staff that he would not have lived for more than two days without the emergency procedure.

36. Mr. Summerville continues to experience excruciating pain whenever he eats or eliminates.

37. Mr. Summerville requires pain medication and anti-depressants to cope with excruciating ongoing stomach pain.

## IV.

### FIRST CAUSE OF ACTION

### FTCA CLAIM FOR MEDICAL NEGLIGENCE

### (Non-Jury Claim)

38. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Defendant United States of America's treatment of Plaintiff while incarcerated at USP Lompoc violated 28 U.S.C. § 2674.

40. Since August 2017, Mr. Summerville has suffered from excruciating pain due to the lingering effects of a surgical operation on his stomach, exacerbated by the continued delays of USP Lompoc medical staff to provide him with proper treatment,

5

examinations, and surgery.  The treatment he received was not only inadequate under the circumstances, it was also, without cause, delayed to the point of causing Mr. Summerville to suffer permanent injury.  The constant physical and mental suffering experienced by Mr. Summerville over the past three years has not been alleviated by pain medications, and Mr. Summerville continues to suffer from extreme pain whenever he eats or eliminates.

41.    Defendant United States of America is responsible for the care, health, and welfare of its federal prisoners within its custody.

42.    Defendant United States of America had a duty to provide ordinary care and to exercise that standard and degree of care and skill required of health care providers consistent with the expertise of the Defendant.

43.    The care and treatment Plaintiff experienced at USP Lompoc fell below the standard of care for the general community and below the standard of care for medical treatment for incarcerated individuals.

44.    Doctors Dhaliwal, Watson, and other medical practitioners not presently known to Plaintiff, and Nurse Fernando, and each of them, undertook the care, treatment, and examination of Plaintiff.  They were repeatedly informed of his stomach pain and ignored him.  Thereafter, they failed to monitor, protect, or treat Plaintiff.

45.    At all times relevant to the claim herein, these individuals were the agents and employees of Defendant United States of America and were acting within the scope of their employment.

46.    At all times relevant to the claim herein, the United States of America carelessly and negligently cared for and treated Plaintiff and provided medical care in a careless and negligent manner.  Further, Defendant acted with deliberate indifference to Plaintiff's known serious medical condition.  Defendant carelessly and negligently treated, managed, monitored, and supervised Plaintiff's condition beginning in February of 2017 and continuing through August.  Defendant's negligent care, and

FTCA COMPLAINT

negligent failure to administer appropriate care, directly and proximately resulted in permanent injury to Plaintiff, all to his general damage.

47.     As a direct result of the negligence, carelessness, wantonness, torture, and unlawfulness of the United States of America and its agents, employees, and staff, Plaintiff sustained severe and irreversible physical injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

48.     As a further direct and proximate result of the negligent acts, omissions, and conduct of the United States of America and its agents, employees, and staff, and the injuries caused to Plaintiff, Plaintiff will incur future expenses for services of hospitals, doctors, and other medical care and treatment in an amount not currently known to Plaintiff.

## V.

## SECOND CAUSE OF ACTION

## FTCA CLAIM FOR NEGLIGENT HIRING/RETENTION

### (Non-Jury Claim)

49.     Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

50.     Defendant United States of America's treatment of Plaintiff while incarcerated at USP Lompoc violated 28 U.S.C. § 2674.

51.     At all times relevant to the claim herein, the United States of America carelessly and negligently hired and retained medical health care providers who did not have the experience and qualifications necessary to provide adequate medical care to inmates, including Plaintiff.  The United States knew or should have known that the providers taking care of Plaintiff were not qualified to make the medical determinations necessary for his care.  Further, Plaintiff has knowledge that Dr. Dhaliwal and other providers have been found negligent in their duty to provide adequate medical care to inmates and still remain employed by Defendant.

FTCA COMPLAINT

52. As a direct result of the negligence, carelessness, wantonness, torture, and unlawfulness of the United States of America and its agents, employees, and staff, Plaintiff sustained severe and irreversible physical injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

53. As a further direct and proximate result of the negligent acts, omissions, and conduct of the United States of America and its agents, employees, and staff, and the injuries caused to Plaintiff, Plaintiff will incur future expenses for services of hospitals, doctors, and other medical care and treatment in an amount not currently known to Plaintiff.

## VI.

### THIRD CAUSE OF ACTION

### FTCA CLAIM FOR NEGLIGENT SUPERVISION

### (Non-Jury Claim)

54. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

55. Defendant United States of America's treatment of Plaintiff while incarcerated at USP Lompoc violated 28 U.S.C. § 2674.

56. At all times relevant to the claim herein, the United States of America carelessly and negligently supervised its medical health care providers, including physicians, mid-level providers, physician assistants, and nurses. Physicians, including Doctors Dhaliwal and Watson, did not adequately supervise mid-level providers, nurses, and staff, and these doctors themselves were not adequately supervised.

57. As a direct result of the negligence, carelessness, wantonness, torture, and unlawfulness of the United States of America and its agents, employees, and staff, Plaintiff sustained severe and irreversible physical injury to his person, all to his

FTCA COMPLAINT

damage in a sum within the jurisdiction of this Court and to be shown according to proof.

58. As a further direct and proximate result of the negligent acts, omissions, and conduct of the United States of America and its agents, employees, and staff, and the injuries caused to Plaintiff, Plaintiff will incur future expenses for services of hospitals, doctors, and other medical care and treatment in an amount not currently known to Plaintiff.

## VII.

## FOURTH CAUSE OF ACTION

## FTCA CLAIM FOR NEGLIGENT TRAINING

### (Non-Jury Claim)

59. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

60. Defendant United States of America's treatment of Plaintiff while incarcerated at USP Lompoc violated 28 U.S.C. § 2674.

61. At all times relevant to the claim herein, the United States of America carelessly and negligently trained its medical health care providers, including physicians, mid-level providers, physician assistants, and nurses. Physicians, including Doctors Dhaliwal and Watson, did not adequately train mid-level providers, nurses, and staff, and these doctors themselves were not adequately trained.

62. As a direct result of the negligence, carelessness, wantonness, torture, and unlawfulness of the United States of America and its agents, employees, and staff, Plaintiff sustained severe and irreversible physical injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

63. As a further direct and proximate result of the negligent acts, omissions, and conduct of the United States of America and its agents, employees, and staff, and the injuries caused to Plaintiff, Plaintiff will incur future expenses for services of

FTCA COMPLAINT

hospitals, doctors, and other medical care and treatment in an amount not currently known to Plaintiff.

## VIII.

## FIFTH CAUSE OF ACTION

## FTCA CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Non-Jury Claim)

64.     Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

65.     Defendant United States of America's treatment of Plaintiff while incarcerated at USP Lompoc violated 28 U.S.C. § 2674.

66.     At all times relevant to the claim herein, the United States of America's conduct was so extreme that it goes beyond all possible bounds of decency. The United States of America, through its agents, employees, and staff, abused its position of authority over Plaintiff by refusing to treat and examine Plaintiff with knowledge that Plaintiff had no other alternative venue for medical treatment.

67.     At all times relevant to the claim herein, the United States of America intended to cause Plaintiff emotional distress by its actions, and at a minimum acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

68.     As a direct result of the outrageous conduct of the United States of America and its agents, employees, and staff, Plaintiff sustained severe emotional distress, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

69.     As a further direct and proximate result of the outrageous conduct of the United States of America and its agents, employees, and staff, and the emotional distress caused to Plaintiff, Plaintiff will incur future expenses for services of hospitals, doctors, and other medical care and treatment in an amount not currently known to Plaintiff.

FTCA COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against the Defendant, as follows:

1. For general damages according to proof, including pain and suffering, mental anguish, and loss of enjoyment of life;

2. For medical and related expenses, according to proof;

3. For lost earnings, past and future;

4. For total money damages in the amount of $50 million;

5. For costs of suit incurred herein;

6. For legal interest, as allowed by law, on all damages awarded from the date of judicial demand until paid;

7. For such other relief as the Court may deem proper.


Respectfully submitted,


DATED:  December 1, 2020          **HAYSBERT | MOULTRIE, LLP**


By:    _/s/ Nazareth M. Haysbert_
Nazareth M. Haysbert, Esq.
James L. Moultrie III, Esq.

*Attorneys for Plaintiff Sean Summerville*

FTCA COMPLAINT